[Cite as *State v. Narayan*, 2018-Ohio-5053.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO.  CA2018-01-002 |
| | : | O P I N I O N |
| - vs - | | 12/17/2018 |
| | : | |
| ASHWIN A. NARAYAN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FRANKLIN MUNICIPAL COURT
Case No. 17-10-TRD-7538


Steven M. Runge, Franklin City Prosecutor, 1 Benjamin Franklin Way, Franklin, Ohio 45005, for plaintiff-appellee

Ashwin A. Narayan, 1112 Arkansas Drive, Xenia, Ohio 45385, defendant-appellant, pro se


**PIPER, J.**

{¶ 1}   Defendant-appellant, Ashwin Narayan, appeals his conviction in the Franklin Municipal Court for speeding.[1]

{¶ 2}   Narayan was pulled over when an Ohio State Highway Patrol trooper clocked

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

him driving 89 m.p.h. in a zone with a maximum speed limit of 65 m.p.h. Narayan pled not guilty to the speeding offense, and the matter proceeded to a trial in front of the municipal court. The state's witness, the trooper who performed the traffic stop, and Narayan testified at trial. The court found Narayan guilty and ordered him to pay costs.

{¶ 3} Narayan now appeals the court's decision, essentially arguing that the trial court erred in finding him guilty of speeding because the trooper's laser equipment was not reliable and because the trooper did not calibrate the equipment properly. We will therefore construe Narayan's arguments as a challenge to the sufficiency of evidence supporting his conviction.

{¶ 4} In analyzing the sufficiency issue, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Steele*, 12th Dist. Preble No. CA2014-07-005, 2015-Ohio-1705, ¶ 13. The Ohio Supreme Court has held that a defendant's not guilty plea preserves an argument relating to the sufficiency of the evidence on appeal. *State v. Jones*, 91 Ohio St.3d 335, 2001-Ohio-57.

{¶ 5} "In order to be convicted of speeding based on laser-device evidence, there must be evidence introduced at trial that the device is scientifically reliable." *State v. Starks*, 196 Ohio App.3d 589, 2011-Ohio-2344, ¶ 21 (12th Dist.). "[T]he scientific reliability of a laser device used to measure speed is a fact that is subject to judicial notice." *Id.*

{¶ 6} Narayan argues that the municipal court did not support its finding that the laser device was reliable with any expert testimony or case law regarding prior judicial notice of the laser's reliability. However, we note that Narayan never objected to the testimony regarding the device on these grounds at trial. Narayan also never filed a motion in limine on the subject, nor did he request a *Daubert* hearing. Given Narayan's failure to raise this issue in the trial court, it is waived on appeal. *State v. Blatchford*, 12th Dist. Preble No. CA2015-12-023, 2016-Ohio-8456, ¶ 36.

{¶ 7} Even so, we briefly note that the trial court specifically expressed that it had previously taken judicial notice of the reliability of the laser equipment used by the trooper. The trial court therefore had heard expert testimony on the laser device at issue, determined it was scientifically accurate and reliable, and relayed this information to Narayan. Failure to have a specific citation on hand is not a foundational requirement for a trial court to take judicial notice. Thus, and although it may be the better practice, the trial court did not err by neglecting to provide Narayan a specific case citation to prove its prior judicial notice. *State v. Wilson*, 12th Dist. Warren No. CA2017-08-125, 2018-Ohio-702.

{¶ 8} Moreover, the trooper, a 12-year veteran of the Ohio State Highway Patrol, testified that he was certified to use the laser unit, the device was routinely checked for accuracy before it was used to determine Narayan's speed, and that the unit was working properly. The trooper testified that he used the laser to determine that Narayan was driving 89 m.p.h. in an area of I-75 South where the legal spend limit is 65 m.p.h.

{¶ 9} Thus, in viewing this evidence in the light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the instant charge proven beyond a reasonable doubt. Accordingly, we overrule Narayan's assignments of error.

{¶ 10} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.